# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2014

No. 13-11027

Lyle W. Cayce
Clerk

IN THE MATTER OF: MARANATHA CONSTRUCTION COMPANY,

Debtor

---------------------------------------------------------------------------

CLYDE W. COLLINS; BETTY J. COLLINS,

Appellants

v.

CAREY D. EBERT; HOWARD E. WATSON, III; SYDNEY WATSON;
MARANATHA ROOFING COMPANY,

Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-210

Before SMITH, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11027

The present appeal involves a dispute as to whether certain veil-piercing claims against a bankrupt corporation are the property of the Estate under 11 U.S.C. § 541(a)(1).  Whether a cause of action is owned by a bankrupt estate is a question of law that the Court reviews *de novo*.  *In re Seven Seas Petrol., Inc.*, 522 F.3d 575, 583 (5th Cir. 2008).  We affirm for the following reasons:

The disputed claims are rooted in allegations that the debtor fraudulently transferred assets to a new corporation and then failed to disclose the existence of that corporation.  Consequently, the veil-piercing action is an attempt to recover the property of the estate, and thus must be brought by the bankruptcy trustee.  *In re Moore*, 608 F.3d 253, 259 (5th Cir. 2010); *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275 (5th Cir. 1983).

To the extent that the veil-piercing action arises out of allegations that shareholders of the debtor "misused the corporat[e] form" and rendered the debtor unable to meet its financial obligations, those claims are the property of the estate.  *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1152 (5th Cir. 1987).

The creditors at bar have not identified any other claim they might own.  Although they list a few distinct facts unique to their circumstances, they have not alleged any personal harm arising out of those unique facts.  Instead, the only harm alleged is the same general harm suffered by all creditors.  *In re Schimmelpenninck*, 183 F.3d 347, 359–60 (5th Cir. 1999).

The authorities relied upon by the creditors are inapposite.  *See generally Shandong Yinguang Chem. Indus. v. Potter*, 607 F.3d 1029 (5th Cir. 2010); *JNS Aviation, Inc. v. Nick Corp.*, 418 B.R. 898 (N.D. Tex. 2009).  In *Shandong*, this Court expressly did "not address [who] owned the right to pierce the corporate veil."  607 F.3d at 1036.  In *JNS Aviation*, the trustee chose not to pursue the disputed action, leaving the presiding court with discretion to allow individual

No. 13-11027

creditors to proceed with associated claims.  418 B.R. at 904.  In the present case, the Trustee is asserting the veil-piercing action on behalf of all creditors, to ensure that they remain "on a level playing field, with like-situated claimants being treated equally."  *Schimmelpenninck*, 183 F.3d at 351. AFFIRMED.